

4

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Frank Quinn
Executive Secretary
State Parks Board
Austin, Texas

Dear Sir:

Opinion No. O-1311
Re: Authority of State Parks
Board to execute warranty
deed and return the Pali-
sades State Park property
to heirs of original do-
nors.

We have a letter from your department dated
September 25, 1939, submitting for the opinion of this
department two questions which we restate as follows:

1. Does the chairman of the State
Parks Board, with the consent of two-thirds
of said board, by virtue of Senate Bill
No.298, Acts 46th Legislature, 1939, have
authority to make a warranty deed in re-
turning title to the grantors of property
donated to the Parks Board for Palisades
State Park, a project which has been aban-
doned by said Board?

2. Where the property originally con-
veyed had been previously declared by the
grantor to be held in trust for several par-
ties named in a Declaration of Trust, although
the deed to the State Parks Board made no
mention of such declaration and gave no indi-
cation that grantor was acting in any capacity
other than that of sole owner, would the Board
under the 1939 Act have authority to convey the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Frank Quinn, Page 2

property back to the parties named in the Decla-
ration of Trust?

As you pointed out in your letter, A. H. Will-
born, joined by his wife, Ida W. Willborn, originally
conveyed a certain tract of land, now known as the Pali-
sades State Park, to the State Parks Board, by a special
warranty deed in which he appears to have acted only for
himself and not as trustee for himself and others. On
January 7, 1931, more than two years prior to the date
of the conveyance, the said Willborn had executed a
declaration of trust on the property.

The declaration of trust recites that as a
result of the foreclosure of a vendor's lien on said
property, he had acquired title to the property for the
benefit of himself and the other seventeen tenants in
common named therein, all of whom had jointly purchased
the vendor's lien notes. A. H. Willborn, the original
donor, is now dead. The other beneficial owners, in-
cluding the heirs of Willborn and the heirs of those of
the other beneficial owners who are also dead, have re-
quested that the State Parks Board reconvey their undi-
vided interest to each, respectively, by general warranty
deed.

The pertinent part of Senate Bill 298, which
amends Article 6068, reads as follows:

"If title to a site has become vested in
the State for park purposes and the site is
deemed unsuitable for a State Park by the State
Parks Board . . . the Board is hereby authori-
zed and empowered . . . where the land has been
donated by a city, county or other donor, to
transfer title to such city or county or other
donor where they wish the site returned to
them . . .; provided that in all instances where
the Board acts under authority of this statute,
it must do so by a two-thirds (2/3) vote of the
members of the Board, and providing that the
Chairman of the Board shall sign all instru-
ments authorized under this Act."

This Act merely gives the Board authority to transfer title to such land to the donor; it is silent as to cestuis que trust and heirs of the donor. It makes no provision for a warranty of any nature, and we do not believe that it can be construed as authorizing the Board to give any such warranty. Since the Board acquired title merely by special warranty deed, it certainly should not be called upon to return more than it received, and a reconveyance with a general warranty would, in effect, be giving more than it received. Therefore, in answer to your first question, it is our opinion that the Board has no authority, at least in the instant case, to execute a warranty deed.

We have also reached the conclusion that under the Act, the Board has no authority to make a conveyance of title to the interest of any of the cestuis que trust except that of the donor, A. H. Willborn, since under our interpretation of the transaction, the Board acquired title only to his interest. One of the reasons for our interpretation is, that as the State paid nothing for the land, it cannot qualify as a bona fide purchaser for value. Nichols-Steuart v. Crosby, 29 S. W. 380, 87 Tex. 443. Another is that it took title subject to outstanding equities, and to only such title as its grantor, Willborn, possessed. Nichols-Steuart v. Crosby, supra.

In the absence of a written authorization from the seventeen other beneficiaries named in the Declaration, the conveyance to the State Parks Board, as to their interests, is invalid under Article 1288, R. C. S. of Texas, 1925, which requires that all conveyances of land, as well as the authority of agents to convey land, shall be in writing.

The Bill makes no specific provision for conveyance to the heirs of the deceased donors. However, the obvious object of the Bill is to divest the Board of title to land which is unsuitable for park purposes, and to permit such land to be put to other uses.

We assume that the negotiations preceding the conveyance disclose that the land was originally conveyed for the purpose of converting it into a park although such intent was not expressed in the instrument. We believe

Hon. Frank Quinn, Page 4

that Senate Bill 298 was intended to authorize a reconveyance to the donors where such use is not made of the land because of unsuitability and for which reason the State Parks Board desires to return the land. The death of the original donor does not defeat the purpose of the statute, but merely entitles the donor's heirs, devisees or legal representatives to receive the reconveyance.

Therefore, based upon our assumption that the donor's original purpose in conveying the property now known as Palisades State Park was for converting it into a park, it is our opinion that the Board has the authority to reconvey such title as it received to the property, namely, title to the undivided interest of A. H. Willborn.

In your statement of facts, you state that the heirs of A. H. Willborn desire the reconveyance of his interest; it is our opinion that they are entitled to same. However, the deed to A. H. Willborn's interest is made to his estate. A conveyance to either would, in our opinion, be proper.

The deeds accompanying your letter and returned herewith are in general warranty form. Also, there are deeds to the various other interests included under the Declaration of Trust. It follows from our opinion that none of the deeds should be executed, the one to the Willborn estate because not in proper form and the others both because not in proper form and because they purport to convey an interest not held by the State Parks Board.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _James Noel_
James Noel
Assistant

JN:BT
APPROVED NOV 3, 1939

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN